UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD NORMAN HILL, | 1:06-CV-01901 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |
| v. | |
| D. SMITH, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary at Atwater, California, pursuant to a judgment of the United States District Court for the Western District of Washington entered on January 21, 2001, following his conviction of: 1) Conspiracy to export cocaine in violation of 21 U.S.C. §§ 943(a), 960(a)(1), 960(b)(1)(B), and 963; 2) Attempted possession of cocaine to distribute in violation of 21 U.S.C. §§ 841(a)(1)(A) and 846; 3) Conspiracy

---

[1] This information was derived from the petition for writ of habeas corpus.

to money launder in violation of 18 U.S.C. § 1956(a)(2) and 1956(h); and 4) Money laundering in violation of 18 U.S.C. §§ 1956(a)(2) and 1956(h) and 18 U.S.C. § 2. See Petition at 2. Petitioner was sentenced to a total determinate prison term of 90 months in federal prison. Id.

Petitioner states he did not initially appeal the judgment of conviction. However, on October 31, 2006, the Ninth Circuit Court of Appeals denied a certificate of appealability.

Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. On November 29, 2005, the sentencing court denied the motion.

On December 29, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner raises the following grounds for relief: 1) Petitioner claims trial counsel was ineffective in failing to raise and research a defense based on entrapment; 2) Petitioner claims an illegal and involuntary wiretap should have been suppressed; 3) Petitioner contends the trial judge abused his discretion in denying the entrapment defense; and 4) Petitioner argues the trial judge abused his discretion in not following the updated jury instruction for entrapment.

**JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

1  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd
2  Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United
3  States, 610 F.2d 672, 677 (9th Cir. 1990).

4        In this case, Petitioner is challenging the validity and constitutionality of his conviction and
5  sentence rather than an error in the administration of his sentence.  Therefore, the appropriate
6  procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.
7  Petitioner concedes this fact and argues he has already sought relief by filing a § 2255 motion.
8  However, a petition contending Petitioner's conviction is invalid is still a § 2255 petition regardless
9  of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

10        In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
11  under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to
12  test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting §
13  2255).  The Ninth Circuit has recognized that this exception is a very narrow one. Ivy v. Pontesso,
14  328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
15  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843
16  F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a §
17  2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope,
18  229 F.2d 582 (9th Cir.1956).  In Ivy, the Ninth Circuit held that § 2241 relief is available pursuant to
19  the "escape hatch" in § 2255 if the petitioner claims to be: (1) factually innocent of the crime for
20  which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting
21  this claim." Ivy, 328 F.3d at 1059-60, *citing*,  Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)
22  (internal citations omitted).  The burden is on the petitioner to show that the remedy is inadequate or
23  ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

24        In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and
25  ineffective.  Petitioner claims he is foreclosed from raising the instant claims because he has already
26  filed a motion pursuant to § 2255 which was subsequently denied.

27        Nevertheless, Petitioner has had several unobstructed procedural opportunities to challenge
28  his sentence and raise the instant claims. Petitioner admits he raised these claims in his first § 2255

motion. Even if he had not done so, he did have the opportunity. In addition, Petitioner could have raised these issues by filing an appeal to the Ninth Circuit Court of Appeals. The claims are not based on new law; the bases for all of his claims were readily available at the time of his conviction.

In addition, Petitioner states he has not filed an application to the Ninth Circuit to file a second or successive § 2255 motion. Therefore, this avenue for relief is still available.  It is clear, therefore, that Petitioner has not shown that § 2255 provides an "inadequate or ineffective" remedy. The petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 8, 2007**                /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE